| | |
|---|---|
| NANCY BROWN, Individually and as Special Administrator for the Estate of JOHN BROWN, Deceased,<br><br>    Plaintiff,<br><br>WISCONSIN DEPARTMENT OF HEALTH SERVICES, a division of the State of Wisconsin, And a Wisconsin group medical benefit program Representative of the Estate of JOHN BROWN, Deceased,<br><br>    Involuntary Plaintiff,<br><br>    v.<br><br>WAYNE BLANCHARD, in his individual capacity, CHRISTOPHER SUCH, in his individual capacity, and WALWORTH COUNTY, WISCONSIN,<br><br>    Defendants. | No.   13-CV-511 |

## COMPLAINT AT LAW

NOW COMES Plaintiff, NANCY BROWN, Individually and as Special Administrator of the Estate of JOHN BROWN, deceased, ("Plaintiff"), by and through her attorneys, SCHOONE, LEUCK, KELLEY, PITTS & KNURR, S.C., and in complaining against Defendants, WAYNE BLANCHARD, in his individual capacity, CHRISTOPHER SUCH, in his individual capacity, and WALWORTH COUNTY, WISCONSIN, pleading hypothetically and in the alternative, states as follows:

1

## JURY DEMAND

1. The Plaintiff hereby demands a trial by jury.

## NATURE OF ACTION

2. This cause of action arises out of the shooting death of Plaintiff's decedent, JOHN BROWN caused by defendant deputies WAYNE BLANCHARD and CHRISTOPHER SUCH on May 5, 2012, at approximately 12:17 a.m., at JOHN BROWN's residence located at 1463 Meadow Lane, Town of Lyons, County of Walworth, Wisconsin.

3. This cause of action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of state law of BROWN's rights as secured by the United States Constitution.

4. This cause of action is for money damages brought pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, against the Defendants, WAYNE BLANCHARD, in his individual capacity, CHRISTOPHER SUCH, in his individual capacity, and WALWORTH COUNTY, WISCONSIN.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's § 1983 claim.

6. Venue is proper herein under 28 U.S.C. § 1391(b) since the parties reside, or, at the time the events took place formerly resided, in this judicial district, and the events giving rise to the claims asserted herein occurred in this judicial district as well.

## THE PARTIES

7. At all times relevant hereto and until the time of his death on May 5, 2012, decedent JOHN BROWN was a citizen of the United States and a citizen of the State of

Wisconsin, residing in the Town of Lyons, County of Walworth. JOHN BROWN was never married and never fathered any children.

8. At all times relevant hereto and until the time of BROWN's death on May 5, 2012, Plaintiff NANCY BROWN was the biological mother of BROWN and a citizen of the United States, residing with decedent JOHN BROWN in the Town of Lyons, County of Walworth, State of Wisconsin.

9. On April 23, 2012, the Circuit Court of Walworth County, Wisconsin, Probate Division, appointed NANCY BROWN as Special Administrator for the Estate of JOHN BROWN, deceased. (Court No.: 2013PR796).

10. Involuntary Plaintiff, WISCONSIN DEPARTMENT OF HEALTH SERVICES, is a division of the State of Wisconsin and a Wisconsin group medical benefit program, with its principal offices located at 1 West Wilson Street, Madison, WI 53701 with its registered agent for service of process being Office of Legal Counsel, 1, West Wilson Street, Madison WI 53707; further the Wisconsin Department of Health Services may have made payment of medical bills incurred by the Plaintiff, the Estate of John Brown, for his medical care and treatment resulting from the incident as hereinafter alleged; further, the Wisconsin Department of Health Services has rights of reimbursement and/or subrogation for any payments made on behalf of Plaintiff, the Estate of John Brown, and therefore, pursuant to the appropriate Wisconsin statutes, it is named as an Involuntary Plaintiff; further in the event the Wisconsin Department of Health Services enters a timely and proper appearance in this action, then a determination should be made as to the rights and interests of the Wisconsin Department of Health Services as against the Defendants, WAYNE BLANCHARD, in his individual capacity, CHRISTOPHER SUCH, in his individual capacity, and WALWORTH COUNTY, WISCONSIN; further, in the event the

Wisconsin Department of Health Services does not enter a timely and proper appearance in this action, then the Court should find that the Wisconsin Department of Health Services has waived its right to participate in this litigation and has waived any potential claims for reimbursement and/or subrogation.

11. At all times relevant hereto, Defendant WALWORTH COUNTY, WISCONSIN (hereinafter referred to as "the DEPARTMENT") was a political subdivision of the State of Wisconsin, organized and existing under and by virtue of the laws of Wisconsin.

12. At all times relevant hereto, the Walworth County Sheriff's Office was an agency of Defendant Walworth County, Wisconsin, providing the vehicle through which the County fulfills its policing functions.

13. At all times relevant hereto, defendant WAYNE BLANCHARD (hereinafter referred to as "BLANCHARD") was employed by the Walworth County Sheriff's Department as a duly appointed and sworn Sheriff's Deputy and was acting under color of law and within the scope of his employment.

14. At all times relevant hereto, defendant CHRISTOPHER SUCH (hereinafter referred to as "SUCH") was employed by the Walworth County Sheriff's Department as a duly appointed and sworn Sheriff's Deputy and was acting under color of law and within the scope of his employment.

**FACTS**

15. On May 5, 2012, at approximately 12:03 A.M., Plaintiff NANCY BROWN placed a 9-1-1 call (hereinafter referred to as "the call") to the Walworth County Dispatch Center seeking emergency assistance.

16.     During the call, NANCY BROWN informed the Walworth County Dispatcher that both NANCY BROWN and JOHN BROWN were at their residence, located at 1463 Meadow Lane, Town of Lyons, County of Walworth, State of Wisconsin.

17.     During the call, NANCY BROWN informed the Walworth County Dispatcher that JOHN BROWN and NANCY BROWN were the only individuals in the residence.

18.     During the call, NANCY BROWN informed the Walworth County Dispatcher that her son, JOHN BROWN, was suicidal.

19.     During the call, NANCY BROWN informed the Walworth County Dispatcher that her son, JOHN BROWN, was cutting himself on his wrists with a knife.

20.     During the call, NANCY BROWN informed the Walworth County Dispatcher that her son, JOHN BROWN, had a history of bi-polar disorder.

21.     During the call, NANCY BROWN informed the Walworth County Dispatcher that her son, JOHN BROWN, had a history of self-harm.

22.     During the call, NANCY BROWN informed the Walworth County Dispatcher that her son, JOHN BROWN, had locked himself in his bedroom, alone.

23.     During the call, NANCY BROWN informed the Walworth County Dispatcher that there were no weapons in JOHN BROWN's bedroom except the knife that he was using on himself.

24.     During the call, NANCY BROWN informed the Walworth County Dispatcher that JOHN BROWN needed help.

25.     Upon information and belief, at approximately 12:04 A.M. on May 5, 2012, the Walworth County Dispatcher dispatched Defendant Deputies BLANCHARD and SUCH to

JOHN BROWN and NANCY BROWN's residence at 1463 Meadow Lane, Town of Lyons, County of Walworth, State of Wisconsin.

26. Upon information and belief, before Defendant Deputies BLANCHARD and SUCH arrived at JOHN BROWN and NANCY BROWN's residence, the Walworth County Dispatcher informed Defendant Deputies BLANCHARD and SUCH that JOHN BROWN was suicidal.

27. Upon information and belief, before Defendant Deputies BLANCHARD and SUCH arrived at JOHN BROWN and NANCY BROWN's residence, the Walworth County Dispatcher informed Defendant Deputies BLANCHARD and SUCH that JOHN BROWN was cutting himself on the wrists with a knife.

28. Upon information and belief, before Defendant Deputies BLANCHARD and SUCH arrived at JOHN BROWN and NANCY BROWN's residence, the Walworth County Dispatcher informed Defendant Deputies BLANCHARD and SUCH that JOHN BROWN had a history of bi-polar disorder.

29. Upon information and belief, before Defendant Deputies BLANCHARD and SUCH arrived at JOHN BROWN and NANCY BROWN's residence, the Walworth County Dispatcher informed Defendant Deputies BLANCHARD and SUCH that JOHN BROWN had a history of self-harm.

30. Upon information and belief, before Defendant Deputies BLANCHARD and SUCH arrived at JOHN BROWN and NANCY BROWN's residence, the Walworth County Dispatcher informed Defendant Deputies BLANCHARD and SUCH that JOHN BROWN and NANCY BROWN were the only individuals in the residence.

31. Upon information and belief, before Defendant Deputies BLANCHARD and SUCH arrived at JOHN BROWN and NANCY BROWN's residence, the Walworth County Dispatcher informed Defendant Deputies BLANCHARD and SUCH that JOHN BROWN had locked himself into his bedroom, alone.

32. Upon information and belief, before Defendant Deputies BLANCHARD and SUCH arrived at JOHN BROWN and NANCY BROWN's residence, the Walworth County Dispatcher informed Defendant Deputies BLANCHARD and SUCH that there were no other weapons in JOHN BROWN's bedroom other than the knife that JOHN BROWN was using upon himself.

33. Upon information and belief, before Defendant Deputies BLANCHARD and SUCH arrived at JOHN BROWN and NANCY BROWN's residence, Sheriff's Deputy JOSHUA ADAMS advised Defendant Deputy BLANCHARD that Deputy ADAMS would also respond to the residence with less lethal equipment.

34. At approximately 12:11 A.M. on May 5, 2012, Defendant Deputy SUCH arrived at JOHN BROWN and NANCY BROWN's residence.

35. Upon his arrival, NANCY BROWN invited Defendant Deputy SUCH into the residence.

36. NANCY BROWN informed Defendant Deputy SUCH that JOHN BROWN was bipolar and that he had failed to take his medications.

37. NANCY BROWN informed Defendant Deputy SUCH that JOHN BROWN's bedroom was at the end of the hallway.

38. Shortly after Defendant Deputy SUCH arrived at the residence, Defendant Deputy BLANCHARD arrived at the residence and entered the front door to the residence.

7

39. NANCY BROWN then provided Defendant Deputy BLANCHARD with the key that would unlock the door to JOHN BROWN's bedroom.

40. Defendant Deputy BLANCHARD informed NANCY BROWN that he would not utilize the key that NANCY BROWN had provided to him because he would simply kick down the bedroom door.

41. At approximately 12:15 A.M. and prior to either Defendant Deputy opening the door to JOHN BROWN's bedroom, Defendant Deputy SUCH exited the residence and walked outside to the exterior window of JOHN BROWN's bedroom.

42. Defendant Deputy BLANCHARD remained inside the residence and immediately outside of the door to JOHN BROWN's bedroom.

43. Upon information and belief, Defendant Deputy SUCH looked into the exterior window to JOHN BROWN's bedroom and observed JOHN BROWN, seated in a chair, facing away from the bedroom door, smoking a cigarette, and drinking a beverage.

44. Upon information and belief, Defendant Deputy SUCH communicated his observations of JOHN BROWN's location and activities within the bedroom to Defendant Deputy BLANCHARD via police radio at approximately 12:15 A.M.

45. Defendant Deputy SUCH then returned to the front entrance of the residence, entered the front door, and proceeded to JOHN BROWN's bedroom.

46. Prior to Defendant Deputy SUCH's re-entry into the residence, Defendant Deputy BLANCHARD removed his service weapon from its holster.

47. Prior to Defendant Deputy SUCH's re-entry into the residence, Defendant Deputy BLANCHARD kicked the door to JOHN BROWN's bedroom with enough force to cause it to open despite being securely closed and locked.

48. Upon Defendant Deputy BLANCHARD kicking in the bedroom door, JOHN BROWN stood up from the chair he was seated in and turned to face the doorway.

49. Defendant Deputy BLANCHARD then aimed his service weapon at the person of JOHN BROWN.

50. Defendant Deputy SUCH then arrived at the threshold to JOHN BROWN's bedroom and positioned himself immediately behind Defendant Deputy BLANCHARD.

51. Defendant Deputy BLANCHARD then kicked the door to JOHN BROWN's bedroom with enough force for it to swing open once more.

52. Defendant Deputy BLANDCHARD again aimed his service weapon directly at the person of JOHN BROWN.

53. Defendant Deputy SUCH then drew his taser and aimed it at JOHN BROWN.

54. JOHN BROWN remained in the center of the bedroom motionless in a standing position.

55. Immediately after kicking open the door a second time and at approximately 12:17 A.M., Defendant Deputy BLANCHARD fired two bullets from his service weapon at the person of JOHN BROWN.

56. JOHN BROWN's body was struck by the two bullets, once in the left side of the chest and once in the left side of the neck.

57. Upon being struck by the bullets, JOHN BROWN immediately fell to the floor.

58. Defendant Deputy BLANCHARD then moved JOHN BROWN and placed JOHN BROWN in handcuffs.

59. At the time that Defendant Deputy BLANCHARD placed JOHN BROWN in handcuffs, JOHN BROWN was alive but was not moving.

9

60. Shortly afterwards, emergency medical personnel transported JOHN BROWN to the Lakeland Medical Center via ambulance.

61. At approximately 1:15 A.M., while at Lakeland Medical Center, JOHN BROWN died of his injuries.

## COUNT I—VIOLATION OF 42 USC §1983
### (POLICY, CUSTOM, OR USAGE OF WALWORTH COUNTY)
*(Estate of Josh Brown, deceased v. Walworth County)*

62. Plaintiff incorporates and re-alleges all preceding paragraphs as though fully plead herein.

63. At all times material hereto, the employees, agents and/or officers of the Defendant Walworth County, including the officers named as defendants herein, were acting under the color of state law and pursuant to the policy, custom and/or usage of the Walworth County Sheriff's Office.

64. The Walworth County Sheriff's Office, and thereby the Defendant Walworth County, created and allowed a policy, custom or usage whereby its police officers arrested individuals without probable cause, used excessive force when conducting those arrests, and failed to give proper medical treatment to suspects that had been placed in custody and required medical treatment including John Brown.

65. The Walworth County Sheriff's Office, and thereby the Defendant Walworth County, created and allowed a policy, custom or usage whereby it failed to adequately supervise, discipline and train their employees, agents and officers, including the officers named as defendants herein, in the appropriate use of force.

66. The Walworth County Sheriff's Office, and thereby the Defendant Walworth

County, through its policy, custom or usage, also hired officers who were substandard and who were not properly trained and disciplined, including Defendant SUCH and BLANCHARD who lacked defensive tactics training on the use of firearms.

67. The Walworth County Sheriff's Office, and thereby the Defendant Walworth County, created and allowed a policy, custom, or usage wherein its police officers failed to intervene to stop other officers from using excessive force in detaining suspects including JOHN BROWN

68. The Walworth County Sheriff's Office, and thereby the Defendant Walworth County, ratified the misconduct of Defendants BLANCHARD and SUCH against JOHN BROWN Salvato by failing to conduct its own internal investigation of the May 5, 2012 incident, including the use of excessive force by the officers, the officers' failure to provide medical care for JOHN BROWN and the failure of the officers to use their audio recording equipment during their interaction with JOHN BROWN, and failing to discipline Defendants BLANCHARD or SUCH.

69. The failure of the Walworth County Sheriff's Office, and thereby the Defendant Walworth County, to supervise its officers, to discipline its officers, to properly train its officers, to properly hire and retain officers, and its failure to prevent the use of excessive force during arrests, and failure to provide proper medical treatment to suspects in need of such treatment once in custody constitutes deliberate indifference, willful conduct, and knowing conduct towards the public in general and specifically towards JOHN BROWN

70. The employees, agents and officers of the Defendant Walworth County, including the named defendant police officers, through their above-described actions, deprived JOHN BROWN of his rights, privileges and immunities secured by the Fourth Amendment of the

11

Constitution of the United States including the right to be secure in their persons against unreasonable seizures including the use of excessive force.

71. As a direct and proximate foreseeable result of the Fourth Amendment violations and misconduct of the employees, agents and police officers of the Defendant Walworth County, as set forth herein, JOHN BROWN suffered injuries that caused his death.

72. The employees, agents and police officers of the Defendant Walworth County, through their actions described above, deprived JOHN BROWN of his rights, privileges and immunities secured by the Fourteenth Amendment of the Constitution of the United States, including the right to liberty, the right to substantive and procedural due process, the right to be free from unlawful detention and imprisonment, the right to be free from unlawful seizure, and those fundamental rights of due process, liberty and life as guaranteed by the Constitution.

73. As a direct, proximate and foreseeable result of the Fourteenth Amendment violations and misconduct of the employees, agents and police officers of the Defendant Walworth County, as set forth above, JOHN BROWN suffered injuries that caused his death.

74. As a direct and proximate result of the above-mentioned violations of JOHN BROWN's constitutional rights in accordance with the policy, custom or usage of Defendant Walworth County, JOHN BROWN suffered physical injury, pain, suffering, emotional distress, disability and death.

75. As a result of John Brown's injury and death, Plaintiff is entitled to recover all damages allowable for violation of 42 USC § 1983 including compensatory damages, all costs incurred in prosecuting this action and attorney's fees pursuant to 42 USC § 1988.

WHEREFORE, NANCY BROWN, Individually and as Special Administrator of the Estate of JOHN BROWN, deceased, respectfully requests that this Court enter judgment against

Defendant WALWORTH COUNTY, awarding compensatory damages, including medical and funeral expenses, attorney's fees, and punitive damages and for a determination of the subrogation interests of the Wisconsin Department of Health Services, if any, and for any further relief that this Court deems fair and just.

## COUNT II– 42 U.S.C. §1983 – Excessive Force
*(Estate of John Brown, deceased v. Wayne Blanchard)*

76. Plaintiff incorporates and re-alleges all preceding paragraphs as though fully plead herein.

77. The aforementioned conduct of Defendant Deputy BLANCHARD constituted excessive force in violation of the United States Constitution.

78. The aforementioned conduct of Defendant Deputy BLANCHARD was objectively unreasonable.

79. The aforementioned acts of Defendant Deputy BLANCHARD were undertaken intentionally, willfully, with malice, and with reckless indifference to JOHN BROWN's constitutional rights.

80. As a result of Defendant Deputy BLANCHARD's unjustified and excessive use of force, decedent JOHN BROWN experienced conscious pain and suffering.

81. As a result of Defendant Deputy BLANCHARD's unjustified and excessive use of force, decedent JOHN BROWN experienced a total loss of his natural life.

WHEREFORE, NANCY BROWN, Individually and as Special Administrator of the Estate of JOHN BROWN, deceased, respectfully requests that this Court enter judgment against Defendant, WAYNE BLANCHARD, awarding compensatory damages, including medical and funeral expenses, attorney's fees, and punitive damages and for a determination of the

subrogation interests of the Wisconsin Department of Health Services, if any, and for any further relief that this Court deems fair and just.

### COUNT III – 42 U.S.C. §1983 – Failure to Intervene
*(Estate of John Brown, deceased v. Christopher Such)*

82. Plaintiff incorporates and re-alleges all preceding paragraphs as though fully plead herein.

83. The aforementioned conduct of Defendant Deputy BLANCHARD constituted excessive force in violation of the United States Constitution.

84. The aforementioned conduct of Defendant Deputy BLANCHARD was objectively unreasonable.

85. The aforementioned acts of Defendant Deputy BLANCHARD were undertaken intentionally, willfully, with malice, and with reckless indifference to JOHN BROWN's constitutional rights.

86. Throughout the May 5, 2012, encounter with JOHN BROWN, Defendant Deputy SUCH had knowledge that the aforementioned conduct of Defendant Deputy BLANCHARD constituted unreasonably excessive force under the United States Constitution.

87. Throughout the May 5, 2012, encounter with JOHN BROWN, Defendant Deputy SUCH had knowledge that JOHN BROWN's constitutional rights were being violated.

88. Throughout the May 5, 2012, encounter with JOHN BROWN, Defendant Deputy SUCH had a realistic opportunity to intervene and prevent deprivation of JOHN BROWN's constitutional rights.

89. As a result of Defendant Deputy SUCH's failure to intervene, decedent JOHN BROWN experienced conscious pain and suffering.

90. As a result of Defendant Deputy SUCH's failure to intervene, decedent JOHN BROWN experienced a total loss of his natural life.

WHEREFORE, NANCY BROWN, Individually and as Special Administrator of the Estate of JOHN BROWN, deceased, respectfully requests that this Court enter judgment against Defendant, CHRISTOPHER SUCH, awarding compensatory damages, including medical and funeral expenses, attorney's fees, and punitive damages and for a determination of the subrogation interests of the Wisconsin Department of Health Services, if any, and for any further relief that this Court deems fair and just.

Dated this 8th day of May, 2013.

    Respectfully Submitted,
    SCHOONE, LEUCK, KELLEY, PITTS & KNURR, S.C.,

    /s/ Timothy S. Knurr
    Attorney for Plaintiff

Timothy S. Knurr
**Schoone, Leuck, Kelley, Pitts & Knurr**
6800 Washington Ave.
Racine, Wisconsin 53406
Tel: (262) 886-8240
Fax: (262) 886-5562
Email: timknurr@gmail.com
WI State Bar No. 1013220

15

Case 2:13-cv-00511-LA   Filed 05/08/13   Page 15 of 15   Document 1